IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV498-1-MU

MICHAEL McNEILL,            )
                            )
        Plaintiff,          )
                            )
    v.                      )        **O R D E R**
                            )
OFFICER GERMANY, et al.,    )
                            )
        Defendants.         )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed November 4, 2008.

In his Complaint, Plaintiff alleges that on October 18, 2008, Defendant Germany, a correctional officer at Lanesboro Correctional Institution, used excessive force against him in violation of his federal constitutional rights.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title,or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

The North Carolina Department of Corrections (DOC) has an Administrative Remedy

Procedure which governs the filing of grievances in each of its correctional facilities. The DOC's Administrative Remedy Procedure provides that "any aggrieved inmate may submit a written grievance . . . ." DOC ARP § .0310(a)(1). If the inmate is not satisfied with the decision reached at the above-described Step One of the grievance process, he or she may request relief from the Facility Superintendent. DOC ARP § .0310(b)(1). If the inmate is not satisfied with the decision reached at the above-described Step Two of the grievance process, he or she may appeal to the Secretary of Correction through the Inmate Grievance Examiner (IGE). DOC ARP § .0310(c)(1). The decision by the IGE or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. DOC ARP § .0310(c)(6).

In his Complaint, Plaintiff asserts that the incident at issue occurred on October 18, 2008. He signed his Complaint on October 29, 2008. The close temporal time between the incident and the signing of Plaintiff's Complaint leads this Court to conclude that Plaintiff has not exhausted his administrative remedies. This conclusion is supported by the fact that Plaintiff attached a copy of his grievance on this issue which was received on or about October 23, 2008 – only six days before he signed his Complaint.[1]

Plaintiff should note that this dismissal is without prejudice and he may choose to exhaust his administrative remedies and then refile his Complaint as a new case. However, if Plaintiff did

---

[1] In Anderson v. XYZ Correctional Health Servs. Inc., 407 F.3d 674 (4th Cir. 2005), the United States Court of Appeals for the Fourth Circuit held that the PLRA's exhaustion requirement does not impose a heightened pleading requirement on an inmate. Id. at 683. The Fourth Circuit, however, held that a court could sua sponte dismiss a complaint for failure to exhaust if failure to exhaust is evident from the face of the complaint or if it has given the plaintiff an opportunity to address the issue. Id. at 682-83. Here, as stated above, Plaintiff's failure to exhaust is evident on the face of the Complaint.

in fact exhaust his administrative remedies prior to October 29, 2008, he may file a motion to reconsider in this case with copies of all of his grievance results attached.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

Signed: November 10, 2008

Graham C. Mullen
United States District Judge